Ladies and gentlemen, please rise. This court is now in session. May we be seated? If the clerk will call the next case. 321-0586, Keystone City, Illinois. Amplified by Laura Bynum v. Randall Baker, appealed by Douglas Johnson. Mr. Johnson, you may proceed. Good morning. Douglas Johnson on behalf of the defendant, Appellant Randall Baker. May it please the Court, Justices, Counsel. This case arises out of a Peoria County cause. It involves the charge of aggravated criminal sexual abuse, that's sexual conduct, where Mr. Baker was at least five years older than the listed victim. Mr. Baker retained counsel. In the trial court, it was Attorney Greg Wittner. Mr. Wittner ineffectively and unreasonably represented Mr. Baker. Mr. Baker did plead guilty. He did so by way of an outward plea. That was so he was able to maintain his innocence while pleading guilty. He did so because Attorney Wittner told him that he would have to register for 10 years. The registration requirement was contained in the final order in the trial court. Unfortunately, the plea transcripts don't reveal a plea colloquy where the registration duration was discussed. But Attorney Wittner, in the third stage evidentiary hearing, under oath, explained that he told Mr. Baker he'd have to register for 10 years, not life. That there was a colloquy off the record where everyone indicated that Mr. Baker would have to register for 10 years. However, that was incorrect. Attorney Wittner also explained that had the registration requirement not been 10 years, Mr. Baker would have proceeded the trial. And at the conclusion of the third stage hearing, the trial judge, Judge Gorman, did deny the relief that was sought. Judge Gorman stated that Mr. Baker has no standing. That has been the case with the state's brief as well. The cases that they are relying upon are People v. Johnson and People v. Bingham. We submit that People v. Bingham is not controlling here. That case is factually and procedurally much, much different than Mr. Baker's case. And Bingham, Jerome Bingham, the defendant, had a 1983 conviction for attempted criminal sexual assault. That was before SORA even existed. It was enacted in 1986. Mr. Bingham then was later found guilty in 2014 of a felony theft charge that later conviction triggered the sex offender registration, unlike Mr. Baker's case. SORA was amended in 2011. It provided that persons who were designated a sex offender who later committed a felony must register. Now, most notably, in Bingham, the SORA registration requirement was not reflected in the judgment of the trial court. And that's how we get to the jurisdictional argument that the registration requirement was neither imposed by the trial court or related to the reasons for the theft conviction for which Mr. Bingham appealed. That's because the scope of appellate review, as this court well knows, is confined to the trial court's judgments. Now, here, in Mr. Baker's case, the judgment did reflect that he shall register as a sex offender. The trial court used the commanding language, shall, in order that Mr. Baker comply with such a requirement. Us, also unlike Bingham, where Mr. Jerome Bingham committed no less than 11 crimes, being six felonies and five misdemeanors, Mr. Baker has no prior or subsequent offenses other than the single offense for which he is seeking relief here, an offense which he entered into an Alford plea for. He was not subject to SORA because of a later felony conviction. This is in a different position than Mr. Bingham. Mr. Baker's registration requirement was contained in the judgment. It is a proceeding from which he can appeal. Bingham is not controlling, and we believe that the state's incorrect on solely relying on it. This honorable court certainly has the ability to set aside a judgment, to reduce punishment, to order a new trial, and we believe that's what should be done here. Also, the trial court and the state rely heavily on People v. Johnson. That case is also an apposite to Mr. Baker's case. Johnson's duty to register was governed by a violent offender act. He was in order by the circuit court. It was not reflected in the judgment based on his unlawful restraint conviction. Johnson, in his post-conviction petition, alleged the trial court failed to inform him of his obligation to register. Mr. Baker never has and is not arguing that it's an admonishment, that it's a failure to inform. The argument is affirmative misadvice is different than no advice. Now, his counsel in Johnson, he also claims, was ineffective for failing to tell him about the requirement, unlike this case where Attorney Wittner affirmatively told Mr. Baker, you will have to register but only for 10 years. Here, in Mr. Baker's case, he was ordered by the circuit court to his duty to register under SORA. That obligation was reflected in the judgment, unlike Johnson. And when an attorney explicitly does misadvise a defendant of the term of his registration, the Sixth Amendment right guarantees him to the effective assistance of competent counsel. He did not have competent counsel in this case. We believe that Mr. Baker's case is more similarly situated and analogous to that of People v. Dodd. Very similar facts, similar time frame. In that case, Dodd was incorrectly advised by his attorney that he'd have to register for 10 years, just like Mr. Baker's case. As opposed to life. Here, in Mr. Baker's case, Attorney Wittner misadvised him that he would have to register for just 10 years. And I'd also point out that in Dodd's, there is a two-year time frame for filing because that was on a Section 214.01 condition, relief from judgment. Whereas in a post-conviction act, there's more than just two years. Mr. Dodd, he did not learn of this error until later, specifically 10 years later, just like Mr. Baker. And he then, following that, the year later, filed a petition seeking leave from the trial court. In People v. Dodd, it states that voidable pleas may be attacked at any time. Mr. Baker also submits that his plea was not knowingly or voluntarily entered. That would be a void or voidable plea. Voidness grounds may be attacked at any time. And we submit that that does provide him with standing for this court to address his claims. To address the ineffective assistance of counsel. To address the unconstitutional as-applied challenge. And here, Mr. Baker's plea was not voluntary. This court should address and hear his claims. And when it does so, we think the court would find that his attorney, Mr. Wittner, was ineffective. Now, much of the states and the trial court leans on standing. Standing is certainly important here. But Mr. Baker has both statutory standing, as his liberty is constrained by way of the trial court's order commanding that he register as a sex offender. And relief is available under the Act to all persons whose liberty is constrained. In addition, a convicted defendant who asserts that in the proceedings which resulted in his conviction, there was substantial denial of constitutional rights, the right to a competent counsel, he may institute a proceeding under this Act. Now, Mr. Baker has registered. He's registered ever since 2001, every 90 days. It's almost 22 years now. And to require that he violate the registration, that's something he's never done. So that his liberty can be constrained is irrational. We believe that that shouldn't have to take place. I have one question about Dodd's case. And I was looking through my notes to try to find it. Dodd's completed his sentence irrespective of the SOAR requirement, which the courts consider collateral. But the time he brought his petition were his, all the other requirements. Was he incarcerated or subject to MSR at that time? He was not. Dodd, very much like Mr. Baker, was placed on a term of probation. He did complete his probation term, and it's once he achieved that 10-year mark where, similar to Randy's case, that he learned, I would have to register for life, although I was told it was 10 years, and the discussion always was 10 years. So Mr. Dodd, Paul Dodd, he did complete his sentence as far as probation. Prior to any of his filings? Yes. Okay. Thank you. So Mr. Baker also has common law standing. In order to have standing to bring a constitutional challenge, a party must show that he's within a class aggrieved of that constitutionality, that he suffered to be in imminent danger or a direct injury as a result of enforcement of the challenge statute. Here it's the Sex Offender Registration Act. It's clear that Mr. Baker actually received punishment. He continues to receive punishment. And whether or not SORA constitute punishment, that goes to the merits of Mr. Baker's claim. And the merits should not affect his justiceability, just like the Aviv Rion's case, which we certainly cited heavily in our brief. That notes that if we're to determine that a defendant lacked standing to challenge the laws because they don't constitute punishment, they'd be hinging his standing on the merits of his argument. Such an analysis, they say in that case, would improperly conflate these two distinct inquiries. So constitutional challenges can be brought at any time, including for the first time on appeal. Mr. Baker already received his punishment. He pled guilty by way of an Alfred plea to a sex offense that triggered not only SORA and the notification laws, but a host of other restrictions on his privacy, on child custody, on movement, on residency, employment. And these were all contained in the judgment of the trial court. Mr. Baker's case is analogous to Aviv Rion's, as he checks all the boxes on the requirements of standing and shows that he suffered imminent injury. And the outcome of these proceedings, they could redress that injury. And we're respectfully requesting that this court hear his claims, analyze them on the merits, and also analogous to Aviv Rion's, there's no contingency that has to occur before these laws apply to Mr. Baker. He will be subject to them for the rest of his life, no matter what occurs, as he'll be subject to lifetime government surveillance and restraint. His injury could be redressed from a favorable ruling from this court, like the defendant in Aviv Rion's, and he has standing to raise his claims here. Now, in the Aviv Rion's case, they did ultimately find that it wasn't unconstitutional as applied to that defendant, but they certainly analyzed it and said that he had standing, and that's what we're asking for here. So Mr. Baker also states that his plea was not knowingly, voluntarily, or intelligently entered into, and that's because he was affirmatively misadvised that he'd have to register for 10 years, not a lifetime. His lawyer stated he would have not accepted the agreement because this 10 years was a big sticking point for him. Other than that, he would have proceeded to trial, and we submit that weakness grounds may be attacked at any time. Mr. Baker argues that his plea wasn't known involuntary, just like Dodd's, and just like Dodd's, where his probation sentence had been completed, he had standing for the appellate court to hear his claims. Mr. Baker was affirmatively misled. His plea should be withdrawn. In addition to the arguments of standing, timeliness was brought up in the trial court. Timeliness is culpable negligence here, which is an exception in the act. It's a safety vow from people like Mr. Baker, and it alleges facts, just like he's done, that the delay was not attributable to his culpable negligence. Now, culpable negligence is something that's greater than mere negligence. It's recklessness. And I realize my time's getting short here, so our point is, is Mr. Baker discovered the error. He couldn't have discovered it until 10 years later when he thought that he would be done registering. After he discovered the error, he contacted attorney after attorney. A judge was consistently told he had no avenue whatsoever, but he kept going. And that's not recklessness. That's not negligence. It's the opposite. It's someone who's doing everything they can to redress their injury. And we believe that when this court digs in deeper to this case, that it'll look at the ineffective assistance of counsel, that it'll look at the unconstitutionality of the statute as applied to Mr. Baker, and that he has standing because these registration statutes have evolved, that he was not culpably negligent, his plea was not knowing and voluntarily made, and we're asking this court to address his claims. Any questions? If there's any questions at this time, you'll have five minutes in the final. If I am, if you're ready to proceed. May it please the court? Counsel? Laura Bailon on behalf of the people. So the real issue in this case is statutory standing. There's two kinds of standing, common law standing and statutory standing. The issue here is statutory standing under the Post-Conviction Hearing Act because the act under which defendant brought this case is the Post-Conviction Hearing Act. For these reasons, Dodd's and Avila-Bernione's are not helpful because neither of those concern post-conviction petitions. The Dodd's case was a 2-1401 petition case, so whatever the Post-Conviction Hearing Act had to say about standing didn't matter. The Avila-Bernione's case was a direct appeal. It concerned common law standing, which is whether there's an injury that's redressable by the court. It didn't concern whether the terms of the statute that the statute sets to bring suit under it were met. So here, under the Post-Conviction Hearing Act, a petitioner must be imprisoned in the penitentiary for the challenged offense at the time of filing a post-conviction petition. That's a statutory condition in the Post-Conviction Hearing Act that must be met according to the act, the terms in Section 122-1A. Imprisonment in the penitentiary has been interpreted more broadly than just actual incarceration. For example, a defendant who's still on probation or mandatory supervised release or who has filed the petition while incarcerated and then released. However, the term imprisonment in the penitentiary does not include the collateral consequences of a conviction. Under Johnson, only the direct consequences of a conviction confer standing under the act. The act it's talking about is the Post-Conviction Hearing Act. It's the same act at issue in both places. Johnson happened to concern a violent offender registration act case, but Johnson viewed the sex offender registration as no different than it. Specifically, in paragraph 69, it discusses Bingham with approval, and it states that it also cites approvingly appellate court cases, saying that the appellate court has been equally clear that registration obligations arising under SORA are collateral consequences that do not confer standing to challenge the underlying conviction under the act. So Johnson viewed the SORA question as already settled being a collateral consequence and applied it in the violent offender situation. And it was settled. It was settled in Bingham. Bingham made clear that even if it is viewed as punishment, it's not punishment imposed by the trial court, the sex offender registration requirements. Instead, it's punishment imposed by SORA, the statute, independently of what the trial court states. So here, while the order did state that the defendant had to register as a sex offender, that statement didn't turn the collateral consequence of sex offender registration into a direct one because it still applied in the same way. It applied because the SORA act made it apply. And it's not just Bingham. It's not just Johnson. It's also Tedder, paragraph 38, Kochevar, paragraph 33, stating even if it's punishment, it's not punishment imposed by the trial court, and that the obligation to register and other restrictions imposed by SORA are collateral consequences of a conviction and not part of the judgment under review. As discussed in Bingham and Johnson and Tedder and Kochevar, SORA's registration requirement is a collateral consequence. After Bingham-Johnson, it's clear that defendant lacks statutory standing under the Post-Conviction Hearing Act because he is not imprisoned in the penitentiary. Therefore, his post-conviction petition was properly dismissed by the trial judge. Are there any questions? Thank you, Your Honor. Mr. Johnson for rebuttal. Your Honor, the principle of the justice system that brings us here is fairness. Mr. Baker is asking that the court review his claims for fairness reasons. He did enter into an Alford plea. He maintained his innocence. He relied upon his attorney's misadvice that he'd have to register for 10 years. We still don't believe Bingham or Johnson are controlling or dispositive here because of the reasons why Bingham is so different from Mr. Baker's case. And the big problem with Bingham is that justices, when they analyzed it, realized that Mr. Jerome Bingham was seeking to correct in a proceeding of a later, subsequent felony offense what was mandated by a statute because of a prior 1983 offense, much, much different than how we are here. We would rely upon our brief and our response to the state's brief. I would be happy to answer any other questions if there are any. I don't believe we have any at this time, so thank you very much. Thank you both for your arguments here today. This matter will be taken under advisement, and a written decision will be issued to you as soon as possible. And with that, we will take a very brief recess for the panel.